51550070BO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. WESCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:22-CV-04170 |
| | ) | |
| ROBERT J. BLOCK, MONETTE | ) | |
| STEPHENS, TERRY SZUCSKO, ESQ., | ) | |
| LVOVICH & SZUCSKO, P.C.; and | ) | |
| MILLA LVOVICH, ESQ., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS TERRY SZUCSKO, MILLA LVOVICH AND
### LVOVICH & SZUCSKO, P.C.'S MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Terry Szucsko, Milla Lvovich and Lvovich & Szucsko, P.C. (referred to collectively as "Attorney Defendants"), by and through their attorneys Daniel K. Cray and Melissa H. Dakich of Cray Huber Horstman Heil & VanAusdal LLC, respectfully submit this memorandum in support of their motion to dismiss plaintiff's complaint under Fed R. Civ. P. 12(b)(2) for lack of personal jurisdiction over these defendants, or in the alternative, under Fed. R. Civ. P. 12(b)(6) as plaintiff's claims are untimely, barred under the doctrine of *res judicata* and otherwise insufficient.

### INTRODUCTION

Pro se Plaintiff Carl A. Wescott, an Arizona resident, has been adjudicated to be a vexatious litigant in the state of California, based in part on plaintiff's conduct during a contentious marital dissolution proceeding against his ex-wife, Monette Stephens, who is also a defendant in this matter. The Attorney Defendants represented Monette Stephens in the marital

dissolution proceeding from 2014 until they withdrew in June 2020. The order of the California Court detailing plaintiff's litigious tendencies is attached as Exhibit A. The Superior Court of California found that in addition to filing multiple frivolous motions in the marital dissolution proceedings, plaintiff, either personally or under the name of a third party, filed multiple lawsuits naming his wife as a defendant in California, throughout the country, and in Uruguay, Ecuador, and Honduras. Plaintiff continues to file serial lawsuits, one of the latest being the matter now before this Court.

The claims plaintiff raises in this lawsuit are not new; plaintiff filed essentially the same lawsuit in United States District Court, in the Northern District of California. There, the District Court rejected plaintiff's substantively identical claims against the Attorney Defendants and dismissed plaintiff's claims against the Attorney Defendants with prejudice. Therefore, even if this Court somehow determines it has personal jurisdiction over the San Francisco-based Attorney Defendants, plaintiff's complaint is nevertheless deficient on the merits. Plaintiff's claims against the Attorney Defendants are barred by res judicata, and they are also untimely. Moreover, the various legal theories contrived by plaintiff are deficient and not sustainable against the Attorney Defendants.

**ARGUMENT**

**I.      This Court Lacks Personal Jurisdiction of the Attorney Defendants.**

Plaintiff's conclusory allegations that the Attorney Defendants are debt collectors under the Fair Debt Collection Practice Act and that they misappropriated trade secrets notwithstanding, there are no well pled allegations in plaintiff's complaint to support nationwide service of process under a federal statute. Where no federal statute authorizes service of process,

2

personal jurisdiction is governed by the law of the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

The key question in determining personal jurisdiction under Illinois law is whether a defendant has sufficient "minimum contacts" with Illinois such that maintenance of the suit does not offend traditional options of fair play and substantial justice. *Tamburo*, 601 F. 3d at 700-701. "Stated differently, each defendant must have purposefully established minimum contact with the forum state such that he or she should reasonably anticipate being haled into court there." *Id*. at 701.

There are no allegations that the Attorney Defendants had continuous and systematic contacts with Illinois sufficient to confer general personal jurisdiction. *Id*. The Attorney Defendants were not essentially at home in Illinois. *Advanced Tactical Ordnance Syystems, LLC v. Real Action Paintball, Inc. and K.T. Tran*, 751 F.3d 796, 800 (7th Cir. 2014). Plaintiff is an Arizona resident who sued the California-based Attorney Defendants who represented at one time plaintiff's ex-wife, a California resident, in plaintiff's marital dissolution proceeding in California. Terry Szucsko and Milla Lvovich have testified by declaration that the Attorney Defendants had no business in Illinois, no offices or homes in Illinois, no clients in Illinois, no referrals from Illinois, no solicitation of clients in Illinois, and had never practiced law (and are not licensed to practice law) in state or federal court in Illinois. (Terry Szucsko and Milla Lvovich's declarations are attached as Exhibits B and C.) Mr. Szucsko additionally testified that the Attorney Defendants never travelled to Illinois to meet with Robert J. Block, and while Mr. Szucsko responded to a few emails from Block, the Attorney Defendants never paid any money to Block for any purpose. Milla Lvovich had no contacts with plaintiff or with Robert J. Block.

3

If this Court is to exercise jurisdiction over the Attorney Defendants, it must do so under specific jurisdiction. To support the exercise of specific jurisdiction, a defendant's contacts with the forum state must directly relate to the challenged conduct. *Tamburo*, 601 F.3d at 702. The Supreme Court decision, *Calder v. Jones*, 465 U.S. 783 (1984), is instructive as *Calder* analyzed what it termed the "purposeful direction" requirement for specific jurisdiction in context of a lawsuit alleging intentional torts. *Calder*, 465 U.S. at 789-90; *Tamburo*, 601 F.3d at 702. *Calder* focused on the *effects* of a foreign defendant's conduct within the forum state. *Calder*, 465 U.S. at 789-90. In *Calder*, the defendants' intentional conduct took place in Florida but was directed against the plaintiff who resided in California. *Id*. The Court reasoned that the defendants' intentional, and allegedly tortious, actions were expressly aimed at California where the plaintiff resided and where the plaintiff would suffer the brunt of the injury. *Id*. at 790. In *Tamburo*, the Seventh Circuit Court, in reliance on *Calder*, held that a defendant's conduct is purposefully directed against the forum state where: (1) the conduct is intentional, (2) the conduct is expressly aimed at the forum state, and (3) the defendant has knowledge that the defendant's conduct's effects will be felt (i.e. the plaintiff will be injured) in the forum state. *Id*. at 702-703.

Even accepting plaintiff's unsupported allegations that the Attorney Defendants conspired to obtain plaintiff's private information for the purpose of causing damage to plaintiff, plaintiff does not allege that he suffered any injury in Illinois, and any alleged interference with plaintiff's prospective economic advantage (i.e. the service of a subpoena upon SparkLabs Group (Comp. ¶ 46)) occurred outside Illinois. Illinois is not the focal point of the Attorney Defendants' alleged tortious activity. *Id*. at 704. Terry Szucsko has testified that he merely responded to communications from Robert J. Block; the Attorney Defendants never initiated a relationship with Robert J. Block, retained him, or paid him for any purpose.

4

Without personal jurisdiction, this Court may not hear plaintiff's case against the Attorney Defendants and the Court should therefore dismiss this cause of action against the Attorney Defendants. *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875, 877 (7th Cir. 2017). At the very least this Court should dismiss the claims against Milla Lvovich as plaintiff has not alleged any conduct on the part of Ms. Lvovich that could potentially subject her to the jurisdiction of Illinois. If this Court resolves this jurisdictional issue in favor of personal jurisdiction over Terry Szucsko, plaintiff's complaint nevertheless fails as it is: (1) barred by *res judicata,* (2) untimely, and (3) suffers from other deficiencies as discussed below.

II.     **Plaintiff's Claims Against the Attorney Defendants are Barred by the Doctrine of *Res Judicata*.**

Plaintiff filed the subject complaint before this Court on August 18, 2022, a copy of which is attached as Exhibit D. Plaintiff previously filed in January 2022, a lawsuit in the Northern District of California against his ex-wife Monette Stephens, Robert J. Block, and the Attorney Defendants (hereafter referred to as "the California Lawsuit"). Plaintiff's amended complaint in the California Lawsuit, *Wescott v. Block*, Case No. 22-cv-00543, is attached as Exhibit E. Plaintiff's allegations in the California Lawsuit are substantively identical to those set forth in plaintiff's verified complaint before this Court. Plaintiff alleged in the California Lawsuit and again alleges:

- During the divorce proceeding and in related family law proceedings, plaintiff's wife was represented by Mr. Szucsko and his firm.

- For purpose of appealing the divorce decree, plaintiff hired Chicago-based attorney Robert Shearer. Mr. Block, a disbarred attorney, worked as a paralegal for Mr. Shearer (now deceased).

- Ms. Stephens, Mr. Szucsko, and Mr. Block conspired together against plaintiff. Specifically, Ms. Stephens and Mr. Szucsko paid Mr. Block to steal confidential information (obtained through the attorney client relationship between plaintiff and Mr. Shearer) for Ms. Stephen's benefit.

- Plaintiff was going to be paid a fee from a third party and Ms. Stephens used that information to support a filing seeking to levy proceeds from plaintiff's dealings with a third party. In the case before the Northern District California, the third party was identified as Salveo Capital. In the present matter before this Court the third party is identified as SparkLabs Group.

Based on these allegations, plaintiff asserted in the California Lawsuit and again asserts

in the present matter the following causes of action:

- Violation of the Defend Trade Secrets Act and misappropriation of trade secrets under California state law

- Violation of the Fair Debt Collection Practices Act

- Violation of the California Rosenthal Fair Debt Collection Practice Act

- Intrusion upon seclusion.

- Intentional interference with contract.

- Intentional Interference with prospective economic advantage.

- Abuse of process.

- Aiding and Abetting Fiduciary Breach

- The California Lawsuit also contained two counts of fraudulent concealment, which are not pled in the present action.

The District Court in the California Lawsuit reviewed plaintiff's first amended complaint

and made the following observations, which are equally applicable to the present matter (a copy

of *Wescott v. Block*, 2022 WL 2114553 (N.D. Cal. 6/13/22), is attached as Exhibit F):

> According to Mr. Wescott, the Attorney Defendants were part of the conspiracy to steal information from him (via Mr. Block) to use for the advantage of Ms. Stephens. He claims, for example, that Mr. Szucsko made monthly payments to Mr. Block See FAC ¶ 31('Upon information and belief, Ms. Stephens' attorney, Mr. Terry Szucsko, made the monthly payment to Block.'). Mr. Wescott also claims that he has emails from Mr. Szucsko that show 'he is clearly part of the conspiracy to steal confidential and privileged information,' FAC ¶ 61, but does not provide copies of those emails. He further asserts that the scheme against him was 'with the knowledge and participation' of Ms. Lvovich. FAC ¶ 27.

6

The Court dismisses with prejudice all claims against the Attorney Defendants. The allegations against the Attorney Defendants are conclusory. Mr. Wescott provides no factual allegations to support his claims that they made payments to Mr. Block or were part of a scheme to steal information about him. \*\*\* Furthermore, even if Ms. Stephens herself were part of a conspiracy against Mr. Wescott, that fact in and of itself does not mean that the Attorney Defendants were plausibly part of that conspiracy. Admittedly, it appears (as alleged) that the Attorney Defendants filed the Petition for Assignment (of the Salveo funds) on Ms. Stephen's behalf. But that sheds no light on whether the Attorney Defendants knew that Ms. Stephens had obtained the information about Salveo from Mr. Block. Although reasonable inferences should be made in Mr. Wescott's favor, it cannot reasonably be inferred that the Attorney Defendants knew anything about Mr. Block's involvement based on the allegations made in the amended complaint.

Accordingly, the Court dismisses all claims against the Attorney Defendants and with prejudice.

A federal court sitting in diversity must apply the *res judicata* principles of the state in which the court is located. *Allan Block Corp. v. Cnty. Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008). For *res judicata* to apply under Illinois law there must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their privies. *Hudson v. City of Chicago,* 228 Ill. 2d 462, 467 (2008). "If the three elements necessary to invoke res judicata are present, *res judicata* will bar not only every matter that was actually determined in the first suit, **but also every matter that might have been raised and determined in that suit**." *Id*. at 467; see *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1988) (the bar of *res judicata* extends to what was actually decided in the first action as well as those matter that could have been decided in that suit). The purpose of *res judicata* is to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts. *River Park, Inc*., 184 Ill. 2d at 319. Critically, the dismissal of a complaint with prejudice for failure to state a claim is an adjudication on the merits for *res judicata* purposes. *Id*. at 303-304.

*Res judicata* applies in the present matter because there is privity between the parties, the same causes of action and group of operative facts common to both the California Lawsuit and the present matter, and an adjudication on the merits in the California Lawsuit. Moreover, the result would be the same under California law, which holds that, *res judicata* or claim preclusion "arises if a second suit involves (1) the same cause of action (2) between the same parties [or their privies] (3) after a final judgment on the merits in the first suit." *DKN Holdings, LLC v. Faerber,* 61 Cal.4th 813, 824 (2015). A judgment is on the merits for purposes of *res judicata* if the substance of the claim is tried and determined. *Johnson v. City of Loma Linda,* 24 Cal.4th 61, 77 (2000). This may include a judgment of dismissal following a general demurrer or a dismissal motion if the disposition was plainly reached "on a ground of substance." *Goddard v. Security Title,* 14 Cal.2d 47, 52 (1939*).* Plaintiff's claims against the Attorney Defendants are barred by *res judicata* and this Court should dismiss all claims against the Attorney Defendants with prejudice.

### III.     Plaintiff's Claims Against the Attorney Defendants are Time-Barred.

A federal court with diversity jurisdiction looks to the choice-of-law rules of the forum state to determine which state's law applies' to the issues before it." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (quoting *Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 718 (7th Cir. 2018)). Under Illinois choice-of-law rules, the law of the forum state controls procedural matters. *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 300 (7th Cir. 2018) (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 264 (2002)). Under Illinois law, statutes of limitations are procedural, merely fixing the time in which the remedy for a wrong may be sought, and do not alter substantive rights. *Belleville Toyota*, 199 Ill. 2d at 351-52.

Here, plaintiff's claims against the Attorney Defendants are time-barred by the two-year statute of limitations set forth in 735 ILCS 5/13-214.3(b), which provides that actions against attorneys for damages based on tort, contract or otherwise must be brought within two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought. *Kroll v. Cozen O'Connor*, 2020 WL 919900 (N.D. Ill. 2/26/20). The statute unambiguously applies to *all* claims brought against an attorney arising out of an act or omission in the performance of professional services, and the statute does not apply solely to claims brought by a client against an attorney who owes a professional or fiduciary duties to the plaintiff. *Evanston Ins. Co. v. Riseborough*, 2014 IL 114271, ¶ 23.

Plaintiff alleges that in late 2018, he discovered that Block had contacted Stephens and other legal adversaries. Comp. ¶ 39. Plaintiff began working for the SparkLabs Group in 2017 and SparkLabs Group owed plaintiff $300,000 as of June 2019. Comp. ¶ 45. Plaintiff advised Block that he would be receiving $300,000 in payments from SparksLabs Group in Spring 2019 and Block shared that information with his legal adversaries. Comp. ¶¶ 50, 51. Terry Zucsko caused to be issued a subpoena to SparksLabs Group sometime before Spring 2019. Comp. ¶ 46. In so doing, the Attorney Defendants allegedly cost plaintiff almost $300,000 he would have otherwise received from SparkLabs Group in 2019. Comp. ¶ 46. Under his own pleadings, plaintiff had two years from late 2018, or from spring 2019 at the latest, to file his claims against the Attorney Defendants. As plaintiff filed this lawsuit on August 18, 2022, his claims against the Attorney Defendants are time-barred under the statute of limitations applicable to claims against attorneys arising out of the acts or omissions in the performance of professional services and this Court should dismiss plaintiff's claims against the Attorney Defendants on that basis.

9

IV.    **Plaintiff's Claims Under the Fair Debt Collection Practices Act are Time-Barred.**

Plaintiff alleges that for various reasons, including a subpoena issued by Mr. Szuckso on behalf of Ms. Stephens to SparksLabs Group, SparksLabs Group terminated plaintiff's employment in Spring 2019. Comp. ¶ 46.  Plaintiff's complaint is untimely under the Fair Debt Collection Practices Act (FDCPA) as an FDCPA action must be brought within one year from the date on which the alleged violation occurs. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019). The FDCPA limitations period begins to run on the date that the alleged FDCPA violation actually happened, not when the violation is discovered.  *Rotkiske*, 140 S. Ct. at 360.

V.    **Plaintiff's Claims under the Fair Debt Collection Practices Act Fail Because the Attorney Defendants are not Debt Collectors Attempting to Collect a Consumer Debt from Plaintiff.**

The Attorney Defendants are not "debt collectors" as the term is defined in the FDCPA. (See Declarations, Exhibits B and C.) The term "debt collector" expressly excludes "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C.A. § 1692a(6) (eff. July 21, 2011). Under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., a "debt collector" means any person who regularly on behalf of himself or others engages in debt collection, and "Consumer debt" means money due or owing by reason of a consumer credit transaction.  Here, plaintiff's sole factual allegation is that Mr. Szucsko issued a subpoena to SparkLabs Group. Comp. ¶ 46.  Plaintiff has failed to plead any additional allegations that the Attorney Defendants' principal business was consumer debt collection, the Attorney Defendants regularly attempted to collect consumer debt, or that they were attempting to collect from plaintiff "consumer debt" as the term is defined in either the FDCPA or under California law.

This Court should dismiss with prejudice Counts III and IV directed against the Attorney Defendants.

**VI.    Plaintiff's Claims for Misappropriation of Trade Secrets Fail under both the Defend Trade Secrets Act and Under California Law**

Plaintiff alleges he was in possession of trade secrets relating to SparkLabs Group and its portfolio companies' security offerings, fund raising goals and strategies. Comp. ¶¶ 66, 74.  As the District Court in the California Lawsuit correctly observed, plaintiff has no standing to assert misappropriation of trade secrets on behalf of an unrelated third party. Moreover, plaintiff has provided no evidence that he shared any of SparkLabs Group's trade secrets with Mr. Block or Mr. Shearer, or that any SparkLabs Group's trade secrets were misappropriated.  Plaintiff alleges only that the Attorney Defendants served a subpoena on SparkLabs Group for the purpose of notifying it of plaintiff's ex-wife's entitlement to any proceeds owed plaintiff.

Plaintiff fails to specify or identify any of his own trade secrets trade secrets that were allegedly misappropriated.  While plaintiff appears to generally allege that his own networking abilities are a trade secret (Comp. ¶ 74), the California Court observed that plaintiff presumably would not be keeping information about his own capabilities a secret.  This Court should dismiss with prejudice Counts I and II against the Attorney Defendants.

**VII.    Plaintiff's Claim for Intrusion Upon Seclusion is Time-Barred.**

Section 13-201 of the Illinois Code of Civil Procedure provides, "Actions for slander, liber or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-205.  According to plaintiff, the Attorney Defendants intruded into the plaintiff's communications with Mr. Shearer and Mr. Block by inducing Block to disclose the plaintiff's confidences. Comp. ¶ 97. Plaintiff alleges that "[i]n late 2018, the Plaintiff discovered that Block had contacted Stephens and other legal

11

adversaries." Comp. ¶ 39. Plaintiff's claim for intrusion upon seclusion is thus untimely and this Court should dismiss Count V with prejudice.

**VIII.    If the Court Elects to Exercise Jurisdiction Over Plaintiff's State Law Claims, It Should Nevertheless Dismiss Those Claims With Prejudice.**

The Court may decline to exercise supplemental jurisdiction over state law claims once the Court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). *Krupa v. Quinn*, 2022 WL 1275371, at *12 (N.D. Ill. Mar. 31, 2022).  This Court need not consider plaintiff's claims for intrusion upon seclusion, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage and aiding and abetting a fiduciary breach.

As a preliminary matter, paralegals do not owe a fiduciary duty to their employer's clients as a matter of law. *In re Estate of Divine*, 263 Ill. App. 3d 799, 809 (1st Dist. 1994). Plaintiff's aiding and abetting breach of fiduciary duty claim necessarily fails as plaintiff has made only conclusory allegations that the Attorney Defendants were even involved in the alleged scheme to give confidential information to plaintiff's ex-wife.  As the California Court observed when reviewing nearly identical allegations, it appeared that Mr. Block was acting of his own accord.

Additionally, plaintiff's allegations that the service of a subpoena on SparksLabs Group related to the judgment in the marital dissolution matter, interfered with his prospective economic advantage and caused SparkLabs Group to terminate plaintiff's employment in Spring 2019 are implausible. Comp. ¶ 46. Plaintiff previously filed  a complaint against SparkLabs IOT Accelerator Fund, LP in the United Stated District of Delaware alleging unjust enrichment, whistleblower retaliation, breach of trade secrets, securities fraud and breach of implied covenant of fair dealing.  *Wescott v. Sparkslabs IOT Accelerator Fund*, LP, 2021 WL 5206263 (Dist.

Court, D. Del. 11/9/21). The District Court directed the case to be transferred to the United States District Court for the Northern District of California because the alleged wrongdoing occurred in California and the plaintiff raised only state law claims. *Id.*

According to plaintiff's refiled complaint in that federal California action, plaintiff discovered securities fraud at SparkLabs Group, refused to invest or raise money for the funds involved with that fraud, threatened to "whistleblow", and did in fact submit multiple tips to the Securities Exchange Commission. *Wescott v. Daniel*, 2022 WL 1105079 (Dist. Court, N.D. Cal. 4/13/22). The District Court for the Northern District of California, eventually dismissed with prejudice plaintiff's claims against Bernard Moon, among others. *Wescott v. Daniel*, 2022 WL 2496264 (Dist. Court, N.D. Ca. 5/25/22). Plaintiff's allegations that the service of a subpoena resulted in SparkLab Group's decision to terminate its employment relationship with plaintiff is not plausible as pled.

There are simply no allegations before this Court that the Attorney Defendants took any actions to disrupt plaintiff's contractual relations with SparkLabs Group. If SparkLabs Group was contractually obligated to pay plaintiff certain funds, plaintiff, himself, was contractually obligated through his marital dissolution proceedings and related proceedings to pay Ms. Stephens money for child support. The service of a subpoena did nothing to alter or interfere with those contractual relationships.

## CONCLUSION

This lawsuit is the latest in a string of lawsuits filed by plaintiff arising out of his contested marital dissolution proceeding. If this Court decides to exercise personal jurisdiction over the Attorney Defendants, the result in this lawsuit must be the same as the result in the California Lawsuit in which plaintiff alleged the same facts and causes of action against the same

parties.  Dismissal with prejudice of the claims against the Attorney Defendants was appropriate and is still appropriate under the doctrine of res judicata. Plaintiff's claims are also untimely and insufficient.  Moreover, as plaintiff's claims under the federal statutes fail, there is no reason for this court to consider plaintiff's California tort claims.  This Court should dismiss with prejudice plaintiff's claims against the Attorney Defendants.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC

*Daniel K. Cray*

Daniel K. Cray

Daniel K. Cray (ARDC #6180832)
Zachary G. Shook (ARDC #6305057)
Melissa H. Dakich (ARDC #6244437)
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 W. Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
dkc@crayhuber.com
zgs@crayhuber.com
*Attorneys for Defendants Terry Szucsko, Esq.,*
*Milla Lvovich, Esq. and Lvovich & Szucsko, P.C.*

14