# FILED
San Francisco County Superior Court

MAY 0 1 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO
DEPARTMENT 403
HON. GAIL DEKREON, JUDGE PRESIDING

| | |
|---|---|
| CARL A. WESCOTT, <br><br> Petitioner, <br><br> vs. <br><br> MONETTE R. STEPHENS, <br><br> Respondent.. | Case No. FDI-14-781666 <br><br> ORDER GRANTING RESPONDENT'S REQUEST FOR ORDER DECLARING PETITIONER WESCOTT A VEXATIOUS LITIGANT and ORDER GRANTING REQUEST FOR PREFILING ORDERS AS TO PETITIONER WESCOTT. |

**STATEMENT OF THE CASE:**

On June 2, 2014 Petitioner Carl A. Wescott (hereafter "Wescott"), *in propria persona,* filed a Petition for Dissolution to dissolve his marriage with Monette R. Stephens (hereafter "Wife").

Wescott acted *in propria persona* throughout the litigation of this dissolution case, except for one instance when court-appointed counsel defended him in an OSC filed against him by Wife in 2015.

On Dec 18, 2014 Wife requested domestic violence protective orders protecting her from Wescott, Case number FDI-14-781666. After months of continuances a Restraining Order protecting Wife from Wescott was granted on May 13, 2015 with a duration of five years, expiring May 13, 2020.

Case number FDV-14-810782 was consolidated with this case on August 11, 2014.

1

**EXHIBIT A**

The parties have three children, currently aged 7, 9, and 11 years old.

The parties' status as unmarried persons was restored on Oct. 26, 2015; but jurisdiction was reserved on all other pending issues.

After more than two years of litigation, a contested trial was held on October 11 and 13, 2016 on all of the reserved issues in the case. The trial judge issued findings and orders on October 13, 2016 holding, *inter alia*, (1) sole legal and physical custody of the minor children was awarded to Wife and (2) the property at 853 Ashbury Ave. in San Francisco, California was awarded to Wife as her sole and separate property.[1] At that trial the court also ordered that Wife need not personally appear to respond to any future filings unless specifically instructed to do so by the Court, in order to protect her from Wescott's litigation tactics in the future, pursuant to CRC Rule 5.113 and Family Code §217.

On November 4, 2016 Wife, through her attorney, filed a *"Request for Order Declaring Petitioner a Vexatious Litigant"*; (hereafter "RFO"), requesting the court to enter a prefiling Order requiring Wescott to obtain leave from the presiding justice or presiding judge before initiating any new proceedings. In addition Wife filed a *"Request for Judicial Notice in Support of Request for Order Declaring Petitioner a Vexatious Litigant"*.

A hearing on the motion was set for Dec 6, 2016 in Dept 403, one of the two Law and Motion departments of the San Francisco Superior Court's Unified Family Court.

Ten days later, on November 14, 2016, Wescott filed his 16th *"Notice of Unavailability"* stating that from Dec 3, 2016 through Dec 8, 2016 he was unavailable for, *inter alia*, any court hearings and that *"The same applies to the following time periods: January 1st through February 10th, 2017."*

---

[1] Judgment was entered effective March 22, 2017.

Only two days later, on November 16, 2016, despite his asserted unavailability, Wescott filed a "REPLY RGARDING VEXATIOUS LITIGANT REQUEST" with a note under the Reply title as follows:

*[NOTE: Respondent vacated the December 6th hearing and requested a new time in dept. 405, so hopefully this reply can also move to the new hearing date]*[2]

However, Wife had not requested to reset the December 6th hearing date at that time. Not until December 3, 2016 was an oral request to continue the hearing on the RFO submitted on the grounds that Wife's attorney could not serve Westcott as required before the hearing. The request was granted on Dec. 6, 2017 and the hearing was rescheduled for February 16, 2017 in Dept 403.

The hearing was held on February 16, 2017; the court heard the evidence and arguments and took the matter under submission on that date.

**FACTS:**

This court accepts the Wife's invitation to take judicial notice of the fifteen (15) volumes of documents filed in this case.

In this case alone, there was a total of 93 Requests for Orders (hereafter "RFO") and/or Requests for Order to Show Cause (hereafter "OSC") filed by both parties, of which Wescott filed 80 out of the 93 filings.

Since August of 2014, Westcott filed fifty-five (55) RFOs[3] and twenty-five (25) OSCs. Forty-five (45) of his RFO's were denied and all twenty-five (25) of his OSC requests were denied. ( See Attachment A.)[4]

Recently, Wescott filed two more requests for an OSC on Jan 25, 2017 and on Oct 12, 2016; both of

---

[2] The Court's file reflects a November 8, 2016 letter from Wife's attorney, cc'd to Wescott, addressed to Judge Massullo requesting the RFO be set in Department 405 based on the attorney's understanding that Judge Massullo would be presiding over all matters in the case, and requesting the matter be re-set in Dept 405 at a date and time convenient to the Court. The file reflects handwritten notes on Wife's proposed order that the case was set in Dept 405 on Oct 11, 2016 for a trial re: custody/visitation/financial issues and so Judge Massullo declined to sign the order and the matter would remain in Dept. 403 as calendared on 12-6-16.
[3] Requests for Orders are similar to Motions in regular Civil Practice. Requests for Orders address child custody, "visitation", spousal support, division of property, etc. and typically include more than a single request in one filed RFO.
[4] Wife points out on page 2, lines 4 to 6 that the custody evaluator counted 219 separate filings by Wescott compared to Wife's 90 filings, the majority of Wife's filings were in response to Petitioner's filings.

3

which were denied.

On July 7, 2015 the court held: *"Petitioner [Wescott] has repeatedly abused the legal process in order to drive up the cost of litigation and to harass the Respondent [Wife]; Petitioner [Wescott] has not been truthful or candid with the Court; [and] Petitioner [Wescott] appears to have forged documents and has back-dated documents."*

On May 2, 2016 the court found that *"there is a tendency for Petitioner [Wescott] to abuse the process to get things done in a timely manner and with a smooth flow"*.

In addition Wescott has filed, either personally or under the name of a third party, multiple additional suits naming Wife as a defendant, as follows:

1. San Francisco Superior Court Unlawful Detainer Action, Case No. CUD 14 650652; filed by "Carl Wescott Revocable Trust" seeking to evict Wife and their 3 minor children from the marital home located at 835 Ashbury. The court granted Wife's motion to quash the Summons and Complaint filed on Nov 21, 2014.

2. Sacramento Superior Court Civil Action, Case No. 34 2014 00272169; filed by "Melissa Cardiff" against Wife for breach of contract to repay a loan taken by Wescott; it was never served upon Wife.

3. San Francisco Superior Court Civil Harassment Restraining Order Action, Case No. CCH 14 576171; filed under the name of "Tony Carracci"; the matter was dismissed without prejudice when neither party appeared on Oct 8, 2014. Wife had no knowledge of the action on Oct 8, 2014.

4. San Francisco Superior Court Small Claims action, Case No. CSM 15 848839, for property Wife allegedly retained when Wescott left the address on 853 Ashbury; dismissed without prejudice on March 4, 2015.

5. U.S. Bankruptcy Court, Northern District of Georgia, Case No. 12-71903-lrc; the initial debtor is Danielle Marie Cochran with Wescott and Wife named as co-debtors. Wife was recently served with a notice of filing of a motion by "co-Trustee "Carl Wescott Revocable Trust" on Oct 12, 2016 asking

4

for relief from an automatic stay as to the family home at 853 Ashbury in California. That motion was filed during the Trial, held Oct 11 and Oct 13, 2016, on the reserved issues addressing that very property.

6. U.S. Bankruptcy Court, Northern District of California, Case No. 16 10905; recently filed by Wescott as an individual.

7. Several international lawsuits in Uruguay, Ecuador and Honduras; Wescott confirmed his involvement in emails to Wife's counsel accusing Wife of ignoring the suits.

Wescott acted *in propria persona* throughout the litigation of this dissolution case with the following exceptions:

- Oct 15, 2015 and Dec. 18, 2015, he was represented by a court appointed attorney defending him in a contempt hearing pursuant to Wife's requested OSC.

- Jan. 5, 2016, the third day of the contempt hearing resulted in a mistrial when Wescott's relationship with his appointed attorney broke down and the court granted the attorney's motion, filed 12/30/2015, to be relieved as attorney of record;

- Jan 29, 2016 the court appointed new counsel to defend Wescott in the second trial on the contempt issue;

- March 9, 2016 the first day of the second trial for contempt, the court relieved the second appointed counsel after dismissing with prejudice the OSC for contempt;

- March 9, 2016, that same day, Wescott filed a substitution of attorney naming Attorney Cathy Lynn Trosclair, who signed the consent to represent him; the substitution was NOT limited in scope;

- However between April 5, 2016 and February 15, 2017 Wescott personally appeared in court in *propria persona* twelve (12) times;

- Feb 16, 2017 Attorney Trosclair did appear in court to represent Wescott against Wife's RFO to declare Wescott a vexatious litigant.

5

LAW:

California Code of Civil Procedure §§391 *et seq*, which were enacted in 1963, address vexatious litigants. C.C.P. §391(b) defines a vexatious litigant as a person who does any of four things; the relevant definition in this case is C.C.P. §391(b) (3) which states:

> *"(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."*

The vexatious litigant statutory scheme provides two sets of remedies. First, in pending litigation, a party may move for an order requiring the other party to furnish security on the ground that the other party is a vexatious litigant and has no reasonable probability of prevailing against the party asking for the relief. C.C.P. §391.2(a). Failure to provide the security is grounds for a dismissal. C.C.P. §391.4.

The legislature added a second means to counter misuse of the system when it enacted C.C.P. §391.7 which operates beyond the pending case and authorizes a court to enter a prefiling order that prohibits a vexatious litigant from filing any new litigation *in propria persona* without first obtaining permission from the presiding judge.

For purposes of vexatious litigant statutes in general, the term "litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court. C.C.P. §391(a). The statute governing prefiling orders provides an additional definition of the term, for purposes of C.C.P. §391.7 "litigation" includes any petition, application, or motion in a proceeding under the Family Court or Probate Code for any order. C.C.P. §391.7(d). Orders to Show Cause in Family Court proceedings are properly taken into account for determining whether or not a party is a vexatious litigant. *In the Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1348.

The "prefiling order" provision did not displace the remedy provided for defendants in pending actions; rather it added a powerful new tool designed to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs. This type of "hurdle" effectively makes it more difficult for a

6

vexatious litigant to abuse the judicial process.

Additional Safeguards include requiring the clerk of the court to provide to the Judicial Council a copy of any prefiling orders issued pursuant to C.C.P. §391.7 (a). The Judicial Council is required to maintain a record of vexatious litigants subject to those prefiling orders and must annually disseminate a list of those persons to the clerks of the courts of this state. C.C.P. §391.7(e)

**CONCLUSION:**

The evidence of the history of litigation in this 2 year and 10 month old case shows that Wescott has filed numerous unmeritorious motions and requests for contempt against Wife, as well as numerous lawsuits in federal court, other state courts and foreign jurisdictions against Wife, including filing a motion in the Georgia Bankruptcy Court that would affect issues that were being tried in this case at the time of that filing.

Every motion or request for OSC filed by Wescott forced Wife to appear in court and respond to the person from whom she was granted protection in a Restraining Order that required Wescott to stay 100 yards away from her.

This court finds that Wescott is a person who has, while acting *in propria persona*, initiated and/or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him, and repeatedly pursued unmeritorious or frivolous tactics in litigation against Wife in numerous courts and jurisdictions.

Therefore, Respondent/Wife's request for order declaring Petitioner/Wescott a vexatious litigant is granted and the request for Prefiling Orders is also granted.

**ORDERS:**

1. Petitioner Carl A. Wescott is a vexatious litigant pursuant to C.C.P. §391(b)(3).
2. Petitioner Carl A. Wescott is prohibited from filing any new litigation *in propria persona* in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

7

3. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at (415) 865-4329 or by mail at:

        Vexation Litigant Prefiling Orders

        Judicial Council of California

        455 Golden Gate Avenue

        San Francisco, California 94102-3688

DATED: May 1, 2017

GAIL DEKREON
Judge of the Superior Court

## ATTACHMENT "A" – WESCOTT'S HISTORY OF FILINGS

**NOTICE OF UNAVALIBILITY (16 filed)**

- 5/27/15 Notice of Unavailability of Pro per on JUN-22-2015 through JUN-26-2015 JUL-1-2015 through JUL-06-2015 filed by petitioner Wescott, Carl Alexander
- 7/13/15 Notice of Unavailability of Pro Per on JUL-29-2015 through AUG-4-2015 by petitioner Wescott, Carl Alexander
- 8/6/15 Notice of Unavailability of Pro Per filed by petitioner Wescott, Carl Alexander
- 12/3/15 Notice of Unavailability of Pro Per on NOV-30-2015 through DEC-12-2015 filed by petitioner Wescott, Carl Alexander
- 1/29/16 Notice of Unavailability of Pro Per filed by petitioner Wescott, Carl Alexander as to respondent Stephens, Monette Rosemarie
- 2/19/16 Notice of Unavailability of Pro Per on FEB-24-16 through MAR-2-16 filed by petitioner Wescott, Carl Alexander
- 3/4/16 Notice of unviability of Pro Per on March-28-16 through April-2-16 filed by petitioner Wescott, Carl Alexander
- 4/7/16 Notice of Unavailability of Pro Per on APR-11-16 through APR-13-16 filed by petitioner Wescott, Carl Alexander
- 4/19/16 Notice of Unavailability of Pro Per on MAY-03-16 through MAY-04-16 as well as 5/12/16 to 5/15/16 filed by petitioner Wescott, Carl Alexander
- 5/11/16 Notice of Unavailability of Pro Per on MAY-18-2016 through MAY-24-16 filed by petitioner Wescott, Carl Alexander
- 6/27/16 Notice of Unavailability of Pro Per ON JUN-10-16 through JUN-16-16 filed by petitioner Wescott, Carl Alexander
- 6/9/16 Notice of Unavailability of Pro Per on JUN-16-16 through JUN-17-16 filed by petitioner Wescott, Carl Alexander
- 8/22/16 Notice of Unavailability of Pro Per on AUG-26-16 through SEP-13-16 filed by petitioner Wescott, Carl Alexander
- 10/13/16 Notice of Unavailability of Pro Per On OCT-11-16 through OCT-12-16 10/13/16-10/25/16; 11/16/16-12/3/16; 12/24/16-/12/14/1; POS attached filed by petitioner Wescott, Carl Alexander
- 2/15/17 *"Please take notice, that for the periods Monday March 20th 2017 at 8:30am, to Monday March 27th at 5pm; Monday April 3rd, 2017 @ 8:30 am through Monday April 1oth 2017 @5pm; and Monday April 24th 2017 @ 8:30 am though Monday May 1st 2017 @5pm, Petitioner Carl Wescott will be unavailable…"*
- 11/14/16 *"Please take notice, that for the periods beginning December 3rd 2016, through December 8th 2016, Petitioner Carl Wescott will be unavailable…"* "Same applies to the following time periods Jan 1st through Feb 10th 2017
- 12/6/16 *"Please take notice, that for the periods beginning December 18th 2016, through January 8th 2016, Petitioner Carl Wescott will be unavailable…"*

**During these times he asserted he was "unavailable" however Petitioner continued to file RFOs or OSCs:**

9

- 5/27/15
  - 6/3/15 Domestic Violence a on JUN-3-15 off calendar- No appearance by moving party
- 7/13/15
  - 7/29/15 Declaration Filed by petitioner Wescott, Carl Alexander
  - 7/29/15 Responsive Declaration to request for order on calendar on AUG-13-15 at 9:00 am in department 404 (Further) filed by Petitioner Wescott, Carl Alexander as to respondents Stephens, Monette Rosemarie
  - 7/29/15 Responsive Declaration to request for order on calendar on AUG-13-15 at 9:00 am in department 404 filed by Petitioner Wescott, Carl Alexander as to respondents Stephens, Monette Rosemarie
  - 7/29/15 Request to waive court fees and costs pursuant to G.C 68633, CRC 3.51.8.26, and 8.818 (Confidential) filed by petitioner Wescott, Carl Alexander order for waiver of court fees and cost granted[5] pursuant to G.C 68834 (E), CRC 3.52
- 8/6/15
  - **No dates cited for unavailability**
- 12/13/15
  - 12/3/15 Declaration of Nancy O'Neil filed by petitioner Wescott, Carl Alexander
  - 12/13/15 Declaration of Roger Pollock regarding real estate development activates filed by petitioner Wescott, Carl Alexander
- 1/29/16
  - **No dates cited for unavailability**
- 2/19/16
  - 3/3/16 Proof of personal service "filed to litigant's request" filed by petitioner Wescott, Carl Alexander
- 4/7/16
  - **Did not file any documents in Petitioners unavailable time frame**
- 4/19/16
  - 5/12/15 Request for order Re: Modification of visitation, + order for Dr. Boyd filed by petitioner Wescott, Carl Alexander as to respondent Stephens, Monette Rosemarie hearing set for AUG-12-16 at 9:00 am
- 5/11/16
  - **Did not file any documents in Petitioners unavailable time frame**
- 6/27/16
  - 6/10/16 Modify visitation (additional updated information as of June 10th 2016) filed by petitioner Wescott, Carl Alexander, as to respondent Stephens, Monette Rosemarie
- 6/9/16 Jun16-17
  - **Did not file any documents in Petitioners unavailable time frame**
- 8/22/16
  - **Did not file any documents in Petitioners unavailable time frame**

<u>Orders, Ex partes etc that were denied</u>

- 9/2/14 **DENIED**

---

[5] Note while this order was granted it was filed during a period in which Petitioner deemed himself unavailable to the court

10

- - Peremptory challenge
- **9/23/14 DENIED**
  - For writ of mandamus, prohibition, or other relief

- **9/25/14 Denied**
  - Resp Decl → Wife not have temporary exclusive use of Santa Barbara house
- **9/25/14 Denied**
  - The wife not to have temporary exclusive use of SF house
- **9//25/14 Denied**
  - That rental value of 2 residences be set at specified requested
- **9/22/14 Denied**
  - Contempt (denial of visitation)
- **10/30/14 Not judiciable**
  - Order to compel mediation, court took motion off calendar due to its lack of ability to compel mediation
- **12/30/14 FOAH**
  - *"Carl's OSC RE: Contempt: Carl's Order To Show Cause RE: Contempt is DENIED WITHOUT PREDJUDICE"*
- **2/17/15 Mini Minutes**
  - *"Petitioner's request re: 730 expert is DENIED"*
  - *"Petitioner's request for rental value on property is DENIED"*
- **2/20/15 OSC & Affidavit for contempt**
  - **OSC DENIED**
- **2/23/15 Resp Decl &RFO DENIED**
  - Requesting return of personal possessions
- **2/24/15 DENIED**
  - Order to show cause and affidavit for contempt
- **3/2/15 FOAH**
  - *"Petitioner's request for office costs is hereby DENIED"*
  - *"Petitioner's request for sanctions is hereby DENIED"*
- **3/5/15 OSC**
  - OSC Granted, contempt **Denied W/O Prejudice**
- **4/20/15 Minutes**
  - Petitioner not present
    - Due to this issue taken off Calendar
- **4/20/15 REJECTED**
  - *Your paperwork is being returned to you. This case is under Family Case Resolution. Please follow the order (copy attached) when submitting motions to be filed. "*
- *"Motion to compel DENIED"* **4/22/15 REJECTED**
  - *"Your paperwork is being returned to you. This case is under Family Case Resolution. Please follow the order (copy attached) when submitting motions to be filed. "*
- **4/21/15 Mini Minutes**
  - Petitioner not present
    - *"Court issues a bench warrant for Petitioner for non –appearance at the contempt hearing*
- **4/30/15 FOAH DENIED**
  - *"Petitioner's Request for Order regarding material possessions is DENIED in its entirety"*

11

- 4/30/15 FOAH **DENIED**
    - *"Petitioner's Order to Show Cause and Affidavit for Contempt is discharged without prejudice for lack of prima Facie evidence of contempt."*
- 4/30/15
    - *"Petitioner's request for Order is compel is **DENIED**. The court finds that there is no outstanding information or documentation for Respondent to proved to Petitioner."*
- 5/20/15 FOAH
    - *"Petitioner's Request for Order to set rent amounts for San Francisco and Santa Barbara properties, filed on January 12th, 2015 is **DENIED**"*
    - *"Petitioner's Request for Order for Modification on October 30th, 2014 re: 730 expert filed on January 12th, 2015, is **DENIED**.*
- 5/22/15 OSC **Denied**
    - Request for Family Case Res. Allegations described a missed visit on Dec 14 2014 but attached order of 10/30/14 does not indicate such visit was supposed to occur.
- 5/22/15 OSC **Denied**
    - Petitioner alleges that respondent violated a court order form 9/25/14 to produce a monthly accounting there is not prima facie showing that such accounting was to be provided to the petitioner or a third party.
- 6/3/15 Mini Minutes
    - Petitioner not present hearing **Denied**, as Petitioner did non appear at previous TRO hearing and prior contempt hearing
- 6/3/15 **Denied**
    - TRO against Wife protecting children
- 6/30/15 Mini Minutes
    - *"Petitioner's OSC for Contempt is **DENIED**"*
    - *"Petitioner's Request for Order for possession of 853 Ashbury, is **DENIED**"*
- 7/20/15 "Further DECL for RFO **Denied**
    - Reducing spousal support from Petitioner to Respondent to $0
- 7/24/15 OSC Contempt **Denied**
    - Court **Denied** the request for the hearing because the date of filing, 7/20/14 predates the alleged order and violation.
- 8/4/15 FOAH
    - *"Petitioner's Order to Show Cause and Affidavit for Contempt is **DISCHARGED** on its face for lack of notice and prima facie evidence of contempt"*
- 8/12/15 OSC Contempt visitation **Denied**
    - Petitioner did not specify what specific order was violated, what data, and how violated
- 8/12/15 OSC Contempt for Visitation **Denied**
    - Petitioner failed to attach the FOAH that specified the visits and the TRO that demonstrated that they were suspended.
- 8/12/15 OSC Contempt for Skype **Denied**
    - Petitioner failed to attach the FOAH that specified the visits and the TRO that demonstrated that they were suspended.
- 8/13/15

12

- o Court admonished Petitioner for the repetitive motions filed; Petitioners request to set aside restraining order was **Denied** w/o prejudice
- 8/24/15 Mini Minutes
    - o *"Petitioner's motion for spousal support is DENIED without prejudice".*
- 9/18/15 FOAH
    - o *"Petitioner's motion to vacate Permanent Restraining order issued on May 13th, 2015 is DENIED*
- 8/28/15 **DENIED**
    - o Already had SS and CS hearings scheduled
- 8/28/15 **DENIED**
    - o Issue had already been litigated
- 8/31/15 **OSC Denied**
    - o Request for Family centered case resolution OSC re March 12th 2015
- 10/6/15 **DENIED**
    - o Checked box that said he hadn't filed for contempt before which is untrue
- 10/8/15 **Denied**
    - o Request for family centered case resolution OSC re visitation
- 10/28/15 **Denied**
    - o Child support and spousal support hearings are already scheduled
- 12/29/16 Findings and Orders regarding contempt
    - o Relieved council for Petitioner and ordered a **MISTRIAL**.
    - o *"Based on Mr. Wescott's pattern of unnecessarily prolonging the length and cost of the hearings.."* from this he paid all attorney's fees associated with contempt hearings
- 3/9/16 Mini Minutes **DISMISSED WITH PREJUDICE** [6]
    - o "OSC re contempt filed against petitioner Dismissed with prejudice.
- 3/14/16 **DENIED**
    - o Petitioners request for attorney fees Family Code §2030
        - No lack of access to funds
        - Respondent can't pay legal fees for both parties
- 3/29/16 Mini Minutes
    - o "Court finds good cause to order the following: Ex Parte request for orders and hereby **GRANTED**. Order shortening Time is herby **GRANTED**.
- 3/29/16 FOAH
    - o *"Petitioners request to remove Respondents move away rights and request for Joint Legal Custody are DENIED."*
    - o Court grants SOLE Legal and Physical custody to mother

- 5/2/16 Mini Minutes **DENIED**
    - o Modify visitation request by Petitioner was denied.
    - o Fees sanctioned § 271
- 5/2/16 FOAH
    - o *"Respondent's request for a Voluntary family centered case for a Voluntary Family Centered Case Resolution is GRANTED."*

---

[6] The wife requested to find the father in contempt

13

- **5/2/16 Denied**
    - Ex parte order was not an emergency and lacked merit
    - Further Wescott has prior history of DV and *"abuse of the legal processes to harass Stephens and increase the cost of litigation is basis for the FC §271 fees"*
- **7/7/16 FOAH**
    - *"Petitioner has not been truthful or candid with the court"*
    - *"Petitioner has repeatedly abused the legal process in order to drive up the cost of litigation and to harass the respondent"*
    - *"Petitioner appears to have forged documents and has back-dated documents"*
- **7/7/16**
    - Status update on further pending issues. *"Petitioner has not responded to this proposed order in a timely manner his approval is waived"*
- **10/13/16 Denied**
    - OSC and affidavit for contempt denied
    - Petitioner checked a box that claims that he has not previously filed a request with the court that he was trying to find the citee to be in contempt, which he has done repeatedly.
- **1/25/17 Denied**
    - Previously filed an OSC and they were denied; this one is denied as well. Petitioner checked a box that claims that he has not previously filed a request with the court that he was trying to find the citee to be in contempt, which is not true. Petitioner checks this box repeatedly.
- **2/28/17 Denied**
    - Dec 20th 2016 no proof of service; denied continuance because he had already previously requested two continuances

14

| | FL-335 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Prepared by the Court<br><br>TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY<br><br>**FILED**<br>San Francisco County Superior Court<br><br>MAY 0 2 2017<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: Department 403<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Unified Family Court | |
| PETITIONER/PLAINTIFF: Carl A. Wescott | CASE NUMBER:<br>FDI-14-781666 |
| RESPONDENT/DEFENDANT: Monette Rosemarie Stephens | (if applicable, provide): |
| OTHER PARENT/PARTY: | HEARING DATE: February 16, 2017 |
| **PROOF OF SERVICE BY MAIL** | HEARING TIME: 9:00am<br>DEPT.: 403 |

**NOTICE:** To serve temporary restraining orders you must use personal service (see form FL-330).

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   400 McAllister Street, San Francisco, CA 94102

3. I served a copy of the following documents (specify):
   Order Granting Respondent's Request for Order Declaring Petitioner Wescott A Vexatious Litigant and Order Granting Request for Prefiling Orders As to Petitioner Wescott filed 5/1/17

   by enclosing them in an envelope AND
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Kathy Lynn Trosclair   Terry A. Szucsko                California Judicial Council
   b. Address: 343 East Main St Ste 812             260 California St. Ste 1001     455 Golden Gate Ave.
              Stockton, CA 95202                    San Francisco, CA 94111         San Francisco, CA 94102-3688
   c. Date mailed: 5/2/17
   d. Place of mailing (city and state): San Francisco, CA

5. ☐ I served a request to modify a child custody, visitation, or child support judgment or permanent order which included an address verification declaration. (Declaration Regarding Address Verification—Postjudgment Request to Modify a Child Custody, Visitation, or Child Support Order (form FL-334) may be used for this purpose.)

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/2/17

Theresa Santos                                       ▶ _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PERSON COMPLETING THIS FORM)

Page 1 of 1

Form Approved for Optional Use       **PROOF OF SERVICE BY MAIL**              Code of Civil Procedure, §§ 1013, 1013a
Judicial Council of California                                                  www.courts.ca.gov
FL-335 [Rev. January 1, 2012]