1:22-cv-04170
Judge Durkin, Thomas M.
Magistrate Sunil R. Harjani
CAT 1 / Random

**RECEIVED**

03@
AUG 08 2022  CR

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1

CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
*in propria persona*
CARLWSOJ@GMAIL.COM
+1 936 937 2688

2

3

4

5

UNITED STATES DISTRICT COURT

**FILED**

8/18/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CR

6

DISTRICT OF ILLINOIS

7

NORTHERN DISTRICT

8

CARL A. WESCOTT,

Civil Action No.

9

Plaintiff,

10

vs.

11

12  ROBERT J. BLOCK;
MONETTE STEPHENS;
13  TERRY SZUCSKO, esq.;
LVOVICH & SZUCSKO, P.C.;
14  MILLA LVOVICH, esq.

15

Defendants.

16

17  + DOES 1 through 50

18

**PLAINTIFF'S VERIFIED LEGAL
COMPLAINT FOR VIOLATIONS OF
THE DEFEND TRADE SECRETS ACT
(18 U.S.C. § 1836); VIOLATIONS OF
THE FDCPA (FEDERAL DEBT
COLLECTION PRACTICES ACT),
PUB. L. 95-109; 91 STAT. 874, 15 U.S.C.
§ 1692-1692p; MISAPPROPRIATION
OF TRADE SECRETS; VIOLATIONS
OF THE ROSENTHAL ACT;
INTRUSION UPON SECLUSION;
INTENTIONAL INTERFERENCE
WITH CONTRACT; INTENTIONAL
INTERFERENCE WITH
PROSPECTIVE ECONOMIC
ADVANTAGE; NEGLIGENT
INTERFERENCE WITH
PROSPECTIVE ECONOMIC
ADVANTAGE; & AIDING AND
ABETTING FIDUCIARY BREACH;**

19

20

JURY TRIAL REQUESTED

21

22  Plaintiff Carl A. Wescott, proceeding *pro se.* complains of Defendants Mr. Robert J. Block,

Ms. Monette Stephens, Terry Szucsko, esq., Ms. Milla Lvovich, esq., and Lvovich and Szucsko, P.C.

23

24  In support of his complaint, the Plaintiff further alleges as follows:

25

26  **PARTIES**

**EXHIBIT D**

1. The Plaintiff is a resident of Scottsdale, AZ.

2. Defendant Robert J. Block is a resident of Chicago, Illinois. Mr. Block is a former licensed attorney who has already been disbarred for morally reprehensible acts, including forging judge's signatures.

3. Defendant Ms. Monette Stephens is a resident of San Francisco and is the Plaintiff's ex-wife.

4. Defendant Mr. Terry Szuckso, esq. ("Szuckso") is a an individual and a licensed California attorney who resides in San Francisco. Mr. Szucsko has not yet been disbarred.

5. Defendant Ms. Milla Lvovich, esq. is an individual and licensed California attorney who lives in the San Francisco area. Ms. Lvovich has not yet been disbarred, either.

6. Defendant Lvovich & Szuckso, P.C. ("L&S") is a California Professional Corporation offering legal services, with offices at 50 Osgood Place in San Francisco.

**JURISDICTION and VENUE**

7. The instant case qualifies for United States District Court with two federal issues of law, under the Defend Trade Secrets Act and the FDCPA (Federal Debt Collection Practices Act). This Court can assert jurisdiction over these Defendants.

8. The case at bar also qualifies for federal court under 28 USC 1332, with its complete diversity of citizenship, and $75,000 of damages.

9. With Mr. Block being a Chicago resident and a citizen of this district, and employed by the other Defendants, this Court is also an appropriate venue.

2

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

10. Continuing on with and back to federal subject matter jurisdiction, with damages of $75,000 and the diversity of citizenship of Plaintiff and Defendants, the Plaintiff's legal complaint would qualify for United States District Court under 28 U.S. Code § 1332(a)(1):

> DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS
>
> (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> > (1) citizens of different States;   *(28 U.S. Code § 1332 (a)(1))*

11. The Plaintiff resides in Arizona, four Defendants are citizens of California, and one (Mr. Block) is a citizen of Illinois.

12. Thus, the parties have complete diversity of citizenship; alleged damages far exceed $75k, as the base damages in one category of damages alone are ~$300,000 before pre-judgment interest.

## FURTHER ALLEGATIONS REGARDING CONSPIRACY

13. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Ms. Stephens, Mr. Szucsko, Ms. Lvovich, and Mr. Block, in addition to acting for themselves, as well as for the benefit of their marital communities (if any), is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

3

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

14. Upon information and belief, there are individuals besides Stephens, Block, Szucsko, and Lvovich, who, in addition to acting for himself/herself and on his/her own behalf individually, as well as for the benefit of his or her marital community (if any), also were and are acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

15. Plaintiff further alleges on information and belief that the acts and non-acts of each of the individual Defendants were fully ratified by each and all of the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

16. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, L&S, in addition to acting for itself and on its own behalf, is and was acting as the agent and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

4

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

17. In addition, upon information and belief, beyond the named Defendant, L&S, there exist one or more nefarious corporate or LLC or other entity type Defendants involved in these conspiracies, currently unknown to Plaintiff. They shall emerge with the benefit of legal discovery.

18. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, any and all such corporate entities, in addition to acting for itself/themselves and for its/their own behalf, was and were acting as the agent, servant, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the Defendants (entity and individual) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

19. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each of the Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

## A MULTITUDE OF OTHER TORTIOUS ACTS AND CRIMES

The Plaintiff has learned of more than a dozen separate significant issues with his former attorney Mr. Shearer, who died before he could be disbarred, and Mr. Block, who worked in his law office,

5

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

1    along with Mr. Szucsko, Ms. Lvovich, and their law offices. It appears that most or all of those

2    illegal and tortious acts were spurred by the kickbacks, commercial bribery, and further

3    inducements offered by Ms. Stephens, Mr. Szucsko, and Ms. Lvovich. The Plaintiff had

4    complained to the ARDC (the Attorney Registration and Disciplinary Commission) of Illinois about

5    many of these acts by Mr. Shearer, but Mr. Shearer died just before he was about to be disbarred.

6    The Plaintiff will be complaining to the California Bar about Mr. Szucsko and Ms. Lvovich, and

7    providing detailed evidence in reports for investigation for law enforcement to address the many

8    crimes. The Plaintiff is gathering information and evidence. Because there are different sets of co-

9    conspirators for many of these issues, the Plaintiff will likely need to file separate lawsuits for

10    those.

## NARRATIVE, FACTS, AND ALLEGATIONS

20. On June 3rd, 2014, the Plaintiff (also the Petitioner in a related family law action) filed for

marital dissolution (San Francisco case FDI-14-781666; Respondent: Ms. Monette R. Stephens

("Stephens")).

21. On October 11th and 13th, 2016, the parties had their marital dissolution trial.

22. On March 22nd, 2017, the Court signed the written order for custody and financial matters.

23. In June 2017 the Petitioner filed to appeal the March 22nd 2017 Order.

6
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE
SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;
VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),
PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE
ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE
WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

24. Around the same time, the Plaintiff/Petitioner hired Robert D. Shearer, esq. (now deceased), a Chicago-based attorney and appellate specialist, to review the Plaintiff's marital dissolution litigation and order, for an appeal.

25. Robert J. Block ("Block"), a disbarred Illinois attorney, worked as a paralegal in the law offices of Mr. Shearer ("Shearer").

26. Mr. Terry Szucsko, esq. ("Szucsko"), of Lvovich and Szucsko, P.C. was Ms. Stephens' attorney in the family law proceedings.

27. In 2018, Szucsko and Stephens came up with a criminal scheme, with the knowledge and participation of Ms. Milla Lvovich ("Lvovich") to commercially bribe (provide kickbacks) to Mr. Block to steal confidential and privileged information from Mr. Shearer's law office.

28. Besides stealing confidential and privileged information, the other goal of the conspiracy was to deprive the Plaintiff of all income or revenue, if possible.

29. The law firm of Lvovich and Szucsko, P.C. is liable for the acts of its two principal employees and partners, Szucsko and Lvovich, via its vicarious liability and *respondeat superior*.

30. Ms. Stephens, a represented party (represented by Szucsko) directly communicated with Shearer and Block.

31. Ms. Stephens made payments to Block, starting with a $100 payment disguised as a forgiven loan, then a $250 payment, and then $1000 monthly payments to Block, made on her behalf by her agent Mr. Szucsko, as commercial bribes for Block to violate his NDA and the duties of

7

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

loyalty and confidentiality that he and Mr. Shearer, the Plaintiff's attorney, were supposed to have to the Plaintiff.

32. Ms. Stephens and Mr. Szucsko made over fourteen thousand thousands (US $14,000) of dollars of payments to Block on behalf of Stephens for the kickbacks and commercial bribes to Block, so that Stephens and Szucsko could steal confidential and privileged information from the law offices of Shearer.

33. Shearer had duties of confidentiality and loyalty to his client, the Plaintiff.

34. Block, as a paralegal, also had duties of confidentiality and loyalty to the Plaintiff.

35. Block had also agreed to a written confidentiality agreement concerning all information about the Plaintiff and a non-circumvent.

36. However, Ms. Stephens and Mr. Szucsko paid the thousands of dollars in commercial bribes and kickbacks to Mr. Block for him to violate his professional and contractual duties to the Plaintiff.

37. Ms. Stephens also offered many other inducements other than thousands of dollars in cash, too (to be valued at jury trial), including to help Mr. Block in other ways.

38. Per an email from Jack Hamilton, another client of the law offices of Robert Shearer, who heard phone calls between Block and Stephens on multiple occasions, Ms. Stephens' inducements included the more salacious as well.

39. In late 2018, the Plaintiff discovered that Block had contacted Stephens and other legal adversaries.

40. Block promised not to do so again.

8
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

41. The parties put together a new agreement in which Block agreed to LD (liquidated damages) of $10,000 per contact with legal adversaries plus actual damages caused.

42. Said LD were not intended as a penalty, but rather an estimate for the potential floor of any damages to be caused, should there be further communication between the parties.

43. They were also intended to be a part of a deterrent.

44. The Plaintiff informed Szucsko of this agreement via email, and thus Stephens had constructive notice.

45. In 2017, the Plaintiff had begun working for the SparkLabs Group, and was owed approximately $300,000 in regular compensation as of June 2019 (along with an order of magnitude higher incentive and performance-based compensation).

46. For various reasons, including a subpoena issued by Mr. Szuckso on behalf of Ms. Stephens to the SparkLabs Group, the SparkLabs Group decided to terminate the Plaintiff's employment in Spring 2019.

47. The Plaintiff negotiated with Bernard Moon to ensure he was going to get the US $300,000 owed to him in a series of payments before he resigned.

48. Mr. Moon agreed to pay the US ~$300,000 owing in a series of payments, including a first payment of US $50,000 that would be paid to Wescott's entity Capital Ideas.

49. Mr. Moon confirmed the arrangement in writing (in email).

50. The Plaintiff shared this information with Mr. Shearer, his attorney, and Mr. Block.

9

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

1  51. Unbenownst to him at the time, Mr. Block shared this information with Ms. Stephens and Mr.
2      Szucsko.

3  52. Given the goal of the $14,000+ paid in kickbacks and commercial bribes, not only to steal
4      information from the Plaintiff, but also to deprive the Plaintiff of all income and revenue, Mr
5      Block jumped into action.
6

7  53. Mr. Block sent an email to Bernard Moon citing legal reasons that SparkLabs could not pay the
8      Plaintiff, then proudly forwarded the email to Ms. Stephens.

9  54. In doing so, the Defendants cost the Plaintiff almost US $300,000 he would otherwise have
10     received in 2019.

11 55. The further consequences of not receiving that money then are at least an order of magnitude or
12     two higher.
13

14 56. So, what we have here is a represented party, and her California attorneys, knowingly bribing
15     the law offices of opposing counsel to steal confidential and privileged information from
16     opposing counsel and opposing counsel's Plaintiff.

17 57. Then, as part of the bribes and kickbacks, the Plaintiff's attorney (Robert Shearer) and paralegal
18     (Robert J. Block) were induced to violate their duties of loyalty to the Plaintiff and to hurt him
19     in many ways.
20

21 58. Mr. Shearer would have been a Defendant in this lawsuit but he recently passed away.

22 59. Among the still-living Defendants, so many laws and ethical strictures were violated that it's
23     difficult to count them all.

24 **PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE
   SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;
25 VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),
   PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE
26 ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE
   WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE
   ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
   ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

Case: 1:22-cv-04170 Document #: 8 Filed: 08/18/22 Page 11 of 24 PageID #:70

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

60. There are a significant number of issues with these defendants not covered in this legal complaint.

61. The Plaintiff has been forced to file this legal complaint to attempt to right the scales of justice.

62. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights. (Also, as per *Fed. R. Civ. P 38(b)*).

63. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

## Count I - Misappropriation of Trade Secrets (Violations of the Defend Trade Secrets Act)

64. The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

65. The Plaintiff was the owner of certain trade secrets ("the Trade Secrets") in connection with the Relationship as defined in the Defend Trade Secrets Act, further codified at 18 U.S.C. § 1836.

66. The Trade Secrets related, among other things, to SparkLabs' and its portfolio companies' securities offerings, its fund-raising goals and strategies, and to the Plaintiff's detailed capabilities and network relating thereto.

PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE
SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;
VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),
PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE
ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE
WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH

67. The Trade Secrets were fully protectable at all times relevant hereto and the Plaintiff took reasonable steps to ensure their confidentiality including the utilization of contractual confidentiality clauses and two confidentiality agreements with Mr. Block.

68. As the Trade Secrets related to nonpublic information that might have been relevant to publicly traded stocks and an imminent IPO and acquisitions for some of SparkLabs portfolio companies, the Trade Secrets were particularly sensitive and the Plaintiff was commensurately vigilant.

69. The Defendants (other than Block) improperly acquired the Trade Secrets by corruptly inducing the Plaintiff's fiduciary to disclose the Trade Secrets, utilizing kickbacks and commercial bribery.

70. As a direct result of the Defendants' acts of unlawful misappropriation the Plaintiff was harmed.

71. All allegations and damages to be fully proven at jury trial.

**Count II - Misappropriation of Trade Secrets (State)**

72. The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

73. In the alternative, and conjunctively, the Plaintiff was the owner of certain trade secrets ("the Trade Secrets") in connection with the Relationship was defined in California Civil Code 3426.1.

12
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

74. The Trade Secrets related, among other things, to SparkLabss' and its portfolio companies' securities offerings, fund raising goals and strategies and to the Plaintiff's detailed capabilities and network relating thereto.

75. The Trade Secrets were fully protectable at all times relevant hereto and the Plaintiff took reasonable steps to ensure their confidentiality including the utilization of contractual confidentiality clauses.

76. As the Trade Secrets related to nonpublic information that might have been relevant to an imminent IPO, the Trade Secrets were particularly sensitive and the Plaintiff was commensurately vigilant.

77. The Defendants (other than Block) improperly acquired the Trade Secrets by corruptly inducing the Plaintiff's fiduciary (Block, in the law offices of Mr. Shearer) to disclose the Trade Secrets.

78. As a direct result of the Defendants' acts of unlawful misappropriation the Plaintiff was harmed.

79. All allegations and damages to be fully proven at jury trial.

## Count III - Violations of the FDCPA

80. The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

81. This Count is brought under the FDCPA, the Fair Debt Collection Practices Act, Pub. L. 95-109; 91 Stat. 874, codified as 15 U.S.C. § 1692 –1692p, approved on September 20, 1977.

13

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

82. The FDCPA is a consumer protection amendment, establishing legal protection from abusive debt collection practices, to the Consumer Credit Protection Act, as Title VIII of that Act.

83. At all relevant times Defendants Szucsko, Lvovich, and Stephens were acting as "debt collectors" attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

84. The Defendants' acts of abetting fiduciary breach, fraudulent concealment, invasion or privacy and abuse of process were deceptive acts within the meaning of 1788.30.

85. The Defendants' illegal and tortious acts harmed the Plaintiff.

86. All allegations and damages to be fully proven at jury trial.

**Count IV - Violations of Rosenthal Act**

87. The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

88. This Count is brought under the Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788 et seq.

89. Though this is an Illinois case the Plaintiff requested that California law be applied to the acts of these California Defendants.

90. At all relevant times the Defendants were acting as "debt collectors" attempting to collect "consumer debt" within the meaning of 1788.2 (c) and (d) respectively.

14

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

91. The Defendants' acts of abetting fiduciary breach, fraudulent concealment, invasion or privacy

and abuse of process were deceptive acts within the meaning of 1788.30.

92. The Defendants' illegal and tortious acts harmed the Plaintiff.

93. All allegations and damages to be fully proven at jury trial.

### Count V – Intrusion Upon Seclusion

94. The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

95. The Plaintiff had a reasonable expectation of privacy in connection with his communications

with Block, arising both out of the parties' contract and Business & Professions 6450.

96. The Plaintiff also had a reasonable expectation of privacy in connection with his

communications with Mr. Shearer, his attorney, as Mr. Shearer, like Mr. Block, had a duty of

confidentiality towards him.

97. The Defendants intruded into the Plaintiff's communications with Mr. Shearer and Mr. Block by

inducing Block (via kickbacks and commercial bribes) to disclose the Plaintiff's confidences.

98. The Defendants' intrusion would be highly offensive to any reasonable person.

99. The Plaintiff was harmed by the Defendants' intrusion by losing his expected SparkLabs

revenue and having the SparkLabs relationship disrupted.

100.    The Plaintiff also sustained emotional injury as a result of the exposure of his private and

privileged communications.

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

101.   The Defendants' intrusion was a substantial factor in bringing about the Plaintiff's injury.

102.   The Plaintiff was damaged.

103.   All allegations and damages to be fully proven at jury trial.

### Count VI – Intentional Interference with Contract

104.   The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

105.   There was a binding contract between the Plaintiff and SparkLabs ("the Contract"), partially confirmed orally (payments of US $300,000, about US $50,000 at a time), and partially also confirmed in writing (the first payment of US $50,000).

106.   Defendant Block, at all relevant times, knew of the existence and validity of the Contract.

107.   The other Defendants knew of the existence and validity of the Contract once they had stolen information from the Plaintiff via commercial bribery of his attorney and paralegal.

108.   The Defendants, by emailing Moon, prevented SparkLabs' performance of the Contract with the Plaintiff.

109.   At all relevant times, the Defendants intended to disrupt the Contract and/or to substantially burden that Contract.

110.   Indeed, the Defendants were successful in doing so.

111.   The Plaintiff was harmed by losing the revenue from the Contract.

112.   The Defendants' conduct was a substantial factor in bringing about the Plaintiff's harm.

16
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

113.   All allegations and damages to be fully proven at jury trial.

**Count VII – Intentional Interference with Prospective Economic Advantage**

114.   The Plaintiff realleges Paragraphs 1-63 as if fully set out herein.

115.   Apart from the Contract, the Plaintiff and SparkLabs were in an economic relationship ("the Relationship") that almost certainly would have resulted in much greater economic benefit to the Plaintiff.

116.   At all relevant times, Block was aware of the Relationship.

117.   At all relevant times after they had stolen confidential and privileged information, the other Defendants were aware of the Relationship.

118.   By engaging in related wrongful conduct, the Defendants were aware that disruption of the Relationship was substantially certain to occur.

119.   The Relationship was in fact disrupted and the Plaintiff was harmed.

120.   The Defendants' wrongful conduct was a substantial factor in bringing about the disruption of the Relationship and the Plaintiff's harm.

121.   All allegations and damages to be fully proven at jury trial.

17
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

**Count VIII – Negligent Interference with Prospective Economic Advantage**

122.    The Plaintiff realleges Paragraphs 1-63 as if fully set out herein.

123.    Pleading in the alternative, the Relationship would have almost certainly conferred

substantial economic benefits on the Plaintiff.

124.    At all relevant times, Defendant Block knew of the Relationship.

125.    At all relevant times, after they stole confidential and privileged information from the law

offices of Mr. Shearer, the Defendants knew of the Relationship.

126.    At all relevant times, the Defendants knew that the Relationship would have been disrupted

in the Defendants failed to act with reasonable care.

127.    The Defendants failed to act with reasonable care.

128.    The Defendants engaged in wrongful conduct.

129.    The Relationship was disrupted and the Plaintiff was harmed.

130.    The Defendants' wrongful conduct was a substantial factor in bringing about the disruption

of the Relationship and the Plaintiff's harm.

131.    All allegations and damages to be fully proven at jury trial.

**Count IX – Aiding & Abetting Fiduciary Breach**

132.    The Plaintiff realleges paragraphs 1-63 as if fully set out herein.

18

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE
SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;
VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),
PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE
ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE
WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

Case: 1:22-cv-04170 Document #: 8 Filed: 08/18/22 Page 19 of 24 PageID #:78

133.   At all relevant times the Defendants were aware that Shearer was the Plaintiff's attorney and therefore was a fiduciary of the Plaintiff. *Indeed, as licensed attorneys (and one disbarred one) the Defendants were experts in this area and acutely aware of the outrage that they were perpetrating against the Plaintiff.*

134.   At all relevant times the Defendants were aware that Block was a fiduciary of the Plaintiff both under Business & Professions 6450 and by contract. *Indeed, as licensed attorneys (and one disbarred one) the Defendants were experts in this area and acutely aware of the outrage that they were perpetrating against the Plaintiff.*

135.   The Defendants were aware that Shearer and Block were breaching his fiduciary duties in connection with the Offer and related disclosures, as well as in selling confidential and privileged information to legal adversaries in exchange for kickbacks and commercial bribes.

136.   The Defendants, at all relevant times, offered encouragement, assistance and inducements to Shearer and Block in breaching their fiduciary duties to the Plaintiff.

137.   The Plaintiff was harmed by Shearer's and Block's breaches of fiduciary duty.

138.   The Defendant's conduct was a substantial factor in bringing about the Plaintiff's harm.

139.   All allegations and damages to be fully proven at jury trial.

[rest of this page blank; Prayer for Relief follows on the next page]

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

Case: 1:22-cv-04170 Document #: 8 Filed: 08/18/22 Page 20 of 24 PageID #:79

1     WHEREFORE, Plaintiff prays

2

3     (a) As to Count I for all direct and consequential damages caused by the Defendants misappropriation

4           of the Plaintiff's trade secrets and for and award of costs, attorney's fees and double

5

6           punitive/exemplary damages under the Defend Trade Secrets Act (18 USC § 1836).

7     (b) As to Count II for damages under the FDCPA, the Federal Debt Collection Practices Act including

8           all direct and consequential damages caused by the Defendants' violations of the FDCPA,

9           attorney's fees, costs and statutory penalties.

10    (c) As to Count III for all direct and consequential damages caused by the Defendants

11          misappropriation of the Plaintiff's trade secrets and for and award of costs, attorney's fees and

12          double punitive/exemplary damages u under the Uniform Trade Secrets Act, California Civil

13          Code 3426.1 et seq.

14

15    (d) As to Count IV for damages under California Civil Code 1788.62 including all direct and

16          consequential damages caused by the Defendants violations of the Rosenthal Act, attorney's fees,

17          costs and statutory penalties.

18    (e) As to Count V for all direct and consequential damages proximately caused by the Defendants'

19          intrusion upon the Plaintiff's seclusion as well as for the imposition of exemplary damages in an

20          amount sufficient to deter the Defendants from committing acts of intrusion or Invasion of Privacy

21

22          in the future.

23

24     **21**
**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE**
**SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;**
25    **VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),**
**PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE**
26    **ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE**
**WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE**
**ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE**
**ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

(f) As to Count VI for all direct and consequential damages proximately caused by the Defendants' interference with the Plaintiff's contractual rights as well for the imposition of exemplary damages in an amount sufficient to deter the Defendants from committing acts of contractual interference in the future.

(g) As to Count VII for all direct and consequential damages proximately caused by the Defendants acts of intentional interference with the Plaintiff's prospective economic advantage as well as for the imposition of exemplary damages in an amount sufficient to deter the Defendants from committing acts of interference with prospective advantage in the future.

(h) As to Count VIII for all direct and consequential damages caused by the Defendants acts of negligent interference with the Plaintiff's prospective economic advantage.

(i) As to Count IX for all direct and consequential damages caused by the Defendants' acts in aiding and abetting fiduciary breach and for the imposition of exemplary damages in an amount sufficient to punish and deter the Defendants from aiding and abetting fiduciary breach in the future.

(j) For all costs of Court and litigation including future attorneys' fees.

(k) For a reasonable value for the Plaintiff's time while he is forced to represent himself, unable to afford an attorney partially due to Defendants' thefts (*quantum meruit*)

(l) For such other and further relief as the Court deems just.

22

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

RESPECTFULLY SUBMITTED on July 19th, 2022

_____

CARL A. WESCOTT, *pro se*

23

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS; VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT), PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH**

1

## VERIFICATION

2

3

4

5

I, Carl A. Wescott, under penalties provided by law pursuant to sections §446 and §2015.5 of the Code of Civil Procedure, as well as the federal laws and statutes of the United States of America, including 28 U.S.C. § 1746, certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

24
PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF THE DEFEND TRADE
SECRETS ACT (18 U.S.C. § 1836); MISAPPROPRIATION OF TRADE SECRETS;
VIOLATIONS OF THE FDCPA (FEDERAL DEBT COLLECTION PRACTICES ACT),
PUB. L. 95-109; 91 STAT. 874, 15 U.S.C. § 1692-1692p; VIOLATIONS OF THE
ROSENTHAL ACT; INTRUSION UPON SECLUSION; INTENTIONAL INTERFERENCE
WITH CONTRACT; INTENTIONAL INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; NEGLIGENT INTERFERENCE WITH PROSPECTIVE
ECONOMIC ADVANTAGE; AND AIDING & ABETTING FIDUCIARY BREACH

July 19th, 2022

Clerk of the Court
United States District Court
District of Illinois - Northern District
Eastern Division
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

Dear Clerk:

I'm initiating a new legal complaint against five Defendants.

The basis for federal court is two federal issues of law, but it would also quality under 28 USC 1332 with diversity of citizenship and damages above $75k.

I hope and believe I've enclosed everything you and the court will need to file and docket the case:

- One Civil Cover Sheet
- Three Plaintiff's Legal Complaints
- One Request to Proceed *in forma pauperis*

I've enclosed a prepaid Priority Mail for you to hopefully send back to me whatever paperwork you like, including at least one stamped/endorsed legal complaint with case number.

If I left anything out or made any mistakes, would you kindly call me so I can send in whatever's missing?... or send me an email? My cell phone is +1 936 937 2688, and email below. Thanks so much. Sincerely,

Carl A. Wescott (carlwsoj@gmail.com)
8210 E. via de la Escuela
Scottsdale, AZ 85258

1

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF NextGen 1.6.3
### Eastern Division

Carl A. Wescott

                Plaintiff,

v.

Robert J Block, et al.

                Defendant.

Case No.: 1:22−cv−04170
Honorable Thomas M. Durkin

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 18, 2022:

      MINUTE entry before the Honorable Thomas M. Durkin: Motion for leave to proceed in forma pauperis [2] is granted. The Clerk is directed to file Plaintiff's complaint and issue summons for service of the complaint on the defendant(s). The United States Marshals Service is appointed to serve the defendant(s). The Court advises the plaintiff(s) that a completed USM−285 (Marshals service) form is required for service on each defendant. The Clerk is directed to provide a USM−285 form to the plaintiff(s) along with a copy of this order. The Marshal will not attempt service on the defendant(s) unless and until the required form is received. Therefore, the plaintiff must complete a service form for each defendant and return the form to the Clerk of Court. By 10/27/2022, the parties are to file a joint status report. The parties may refer to the format detailed on the Court's website under New and Reassigned cases. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/CAROLINA ROMAN
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
August 19, 2022