2022 WL 2114553
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Carl A. WESCOTT, Plaintiff,
v.
Robert J. BLOCK, et al., Defendants.

Case No. 22-cv-00543-EMC
|
Signed 06/13/2022

**Attorneys and Law Firms**

Carl A. Wescott, Scottsdale, AZ, Pro Se.

### ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING COMPLAINT WITH LEAVE TO AMEND

Docket Nos. 6, 10

EDWARD M. CHEN, United States District Judge

*1 Plaintiff Carl Wescott, proceeding pro se, has filed suit against (1) his ex-wife Monette Stephens; (2) her attorney, the attorney's law firm, and the other partner in the firm (Terry Szucsko, Milla Lvovich, and Lvovich & Szucsko); and (3) Robert Block, a paralegal for the attorney who represented Mr. Wescott. Previously, Judge Ryu granted Mr. Wescott's application to proceed in forma pauperis. However, in a report and recommendation ("R&R"), she recommended that his complaint be dismissed with leave to amend pursuant to the required review of his pleading under 28 U.S.C. § 1915(e).

Mr. Wescott did not object to Judge Ryu's R&R. The Court has reviewed the R&R and finds it thorough, well reasoned, and correct. Accordingly, the Court **ADOPTS** the R&R in its entirety.

Consistent with Judge Ryu's R&R, Mr. Wescott has filed an amended complaint. Although the amended complaint was not timely filed, the Court shall, in the interest of justice, still consider it. As Judge Ryu did, the Court reviews the amended complaint pursuant to § 1915(e). See 28 U.S.C. § 1915(e)(2) (providing that a "court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... fails to state a claim on which relief may be granted"); cf. Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) (noting that, after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must ... suggest that the claim has at least a plausible chance of success' ").

Based on its review, the Court finds that some of the claims asserted are not plausible but that others are. The implausible claims are dismissed with prejudice, the plausible claims are allowed to proceed, and the Court orders that the U.S. Marshals Office serve the summons, the amended complaint, and this order on Ms. Stephens and Mr. Block.

### I. FACTUAL & PROCEDURAL BACKGROUND

Mr. Wescott's amended complaint makes the same basic contention as his original complaint. That is, Mr. Wescott alleges as follows:

• He and Ms. Stephens were previously married.

• They divorced in or about 2016.

• In 2017, the state court issued an order related to custody and financial matters. Mr. Wescott thereafter appealed.

• During the divorce and/or related proceedings, Ms. Stephens was represented by Mr. Szucsko and his firm.

• For the appeal, Mr. Wescott hired Robert Shearer (now deceased).

• Mr. Block is a disbarred attorney who worked as a paralegal for Mr. Shearer.

• Ms. Stephens, Mr. Szucsko, and Mr. Block conspired together against Mr. Wescott. Specifically, Ms. Stephens and Mr. Szucsko paid Mr. Block to

EXHIBIT F

steal confidential information (obtained through the attorney-client relationship between Mr. Wescott and Mr. Shearer) for Ms. Stephens's benefit. The confidential information included information that Mr. Wescott was going to be paid more than $250,000 for consulting work done for a third party, Salveo Capital (a venture capital fund). Ms. Stephens used that information to support a filing that she made (presumably in state court) – namely, "a Petition for an Assignment Order ... seeking to levy proceeds from [Mr. Wescott's] commercial dealings with Salveo." FAC ¶ 56.

*2 Attached to Mr. Wescott's amended complaint are several communications. Of note are the following emails:

• A December 2018 email from Mr. Wescott to Mr. Block. The subject line of the email indicates that Mr. Block did not "need to do anything more on Salveo." In the body of the email, Mr. Wescott noted that he had "put 4 investors in to Salveo. [¶] Checks of 5k, 5k, 125k and 125k coming to me in January. [¶] It's now full." FAC, Ex. E2.

• A December 2018 email from Mr. Block to Ms. Stephens. Mr. Block appears to have forwarded the email above to Ms. Stephens. In his email, Mr. Block stated, *inter alia*, "Reforwarding for emphasis. Gut him, please. [¶] Could you use $260K? Hey, if it's only $26K, or even if only the $5k's are real, it could help." FAC, Ex. E.

• A January 2019 email from Mr. Block to himself. There is an attachment to the email; the attachment appears to be Salveo's "Pitch Deck" for 2018. Presumably, Mr. Block obtained a copy of the attachment from Mr. Wescott. *See* FAC, Ex. C.

• An April 2019 email from Ms. Stephens to Mr. Block. In the email, Ms. Stephens asked Mr. Block: "Do you know the names of people [Mr. Wescott] is suing?" FAC, Ex. D.

• A June 2019 email exchange between Mr. Block and Ms. Stephens. It appears that Mr. Block told Ms. Stephens: "Please give me 2-3 days of warning before you use any of my emails in a filing or make [Mr. Wescott], Bernard or Spark aware you possess them. Thx." FAC, Ex. F.

Based on, *inter alia*, the above, Mr. Wescott has asserted the following causes of action:

(1) Misappropriation of trade secrets in violation of the federal Defend Trade Secrets Act.

(2) Misappropriation of trade secrets under state law.

(3) Violation of the federal Fair Debt Collection Practices Act.

(4) Violation of the California Rosenthal Fair Debt Collection Practices Act.

(5) Intrusion upon seclusion.

(6) Intentional interference with contract.

(7) Intentional interference with prospective economic advantage.

(8) Negligent interference with prospective economic advantage.

(9) Abuse of process.

(10) Fraudulent concealment from Mr. Wescott.

(11) Fraudulent concealment from the state court.

(12) Aiding and abetting breach of fiduciary duty.

## II. DISCUSSION

A. Claims Against Mr. Szucsko, Ms. Lvovich, and Lvovich & Szucsko

As noted above, Mr. Szucsko represented Ms. Stephens (Mr. Wescott's ex-wife) during the divorce and/or related proceedings. Mr. Szucsko is a partner in the Lvovich & Szucsko firm. Another partner in the firm is Ms. Lvovich. Collectively, the Court shall refer to these defendants as the "Attorney Defendants."

According to Mr. Wescott, the Attorney Defendants were part of the conspiracy to steal information from him (via Mr. Block) to use for the advantage of Ms. Stephens. He claims, for example, that Mr. Szucsko made monthly payments to Mr. Block. *See* FAC ¶ 31 ("Upon information and belief, Ms. Stephens' attorney, Mr. Terry Szucsko, made the monthly payments to Block."). Mr. Wescott also claims that he has emails from Mr. Szucsko that show "he is clearly part of the conspiracy to steal confidential and privileged information," FAC ¶ 61, but does not provide copies of those emails. He further asserts that the scheme against him was "with the knowledge and

participation" of Ms. Lvovich. FAC ¶ 27.

*3 The Court dismisses with prejudice all claims against the Attorney Defendants. The allegations against the Attorney Defendants are conclusory. Mr. Wescott provides no factual allegations to support his claims that they made payments to Mr. Block or were part of a scheme to steal information about him. *Compare* FAC ¶ 30 (alleging that "Ms. Stephens made payments to Block, starting with a $100 payment disguised as a forgiven loan, then a $250 payment, and then $500 monthly payments to Block, as commercial bribes"). Notably, Mr. Wescott has claimed that he has emails implicating the Attorney Defendants but fails to provide them. *Compare* FAC, Exs. D, E, E2, F (emails exchanged between Ms. Stephens and Mr. Block). Furthermore, even if Ms. Stephens herself were part of a conspiracy against Mr. Wescott, that fact in and of itself does not mean that the Attorney Defendants were plausibly part of that conspiracy. Admittedly, it appears (as alleged) that the Attorney Defendants filed the Petition for Assignment (of the Salveo funds) on Ms. Stephens's behalf. But that sheds no light on whether the Attorney Defendants knew that Ms. Stephens had obtained the information about Salveo from Mr. Block. Although reasonable inferences should be made in Mr. Wescott's favor, it cannot reasonably be inferred that the Attorney Defendants knew anything about Mr. Block's involvement based on the allegations made in the amended complaint.

Accordingly, the Court dismisses all claims against the Attorney Defendants, and with prejudice.

B. Misappropriation Claims (Federal and State)
In the R&R, Judge Ryu recommended dismissal of the federal and state misappropriation claims because Mr. Wescott failed to identify the alleged trade secrets at issue with sufficient particularity. *See* R&R at 6-7. In the amended complaint, Mr. Wescott identifies the following as the trade secrets at issue: (1) "Salveo's securities offering," (2) "its fund-raising goals and strategies," and (3) Mr. Wescott's "detailed capabilities and networking related thereto." FAC ¶ 76; *see also* FAC ¶ 84.

The problem for Mr. Wescott is that he has no standing to assert misappropriation of Salveo's trade secrets (*i.e.*, (1) and (2) above).

As to (3), it is not clear what Mr. Wescott means by "detailed capabilities and networking related thereto." But presumably, Mr. Wescott would not be keeping information about his "capabilities" secret. Although it appears that Mr. Block did give Ms. Stephens information about money that Mr. Wescott expected to earn from Salveo, that does not appear to be either "capabilities" or "networking."

Accordingly, the Court dismisses the claims for misappropriation with prejudice.

C. Debt Collection Practices Claims
In the R&R, Judge Ryu recommended dismissal of the federal and state debt collection practices claims because Mr. Wescott had failed to make nonconclusory allegations that Defendants were "debt collectors" (as that term is used in the relevant statutes) or that they were attempting to collect "consumer debt." *See* R&R at 7-8. Mr. Wescott has failed to correct this deficiency in his amended pleading. The Court therefore dismisses the debt collection practices claims with prejudice.

D. Intrusion Upon Seclusion
A claim for intrusion upon seclusion has two elements: " '(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person.' " *Taus v. Loftus*, 40 Cal. 4th 683, 725 (2007). Judge Ryu dismissed this claim because Mr. Wescott had not identified what private information Mr. Block allegedly disclosed to others. *See* R&R at 9. The amended complaint does not expressly state what private information was disclosed. Based on the Court's review of the pleading, however, it can be inferred that Mr. Block disclosed to Ms. Stephens the money that he was expected to earn from Salveo.

The Court finds the claim plausible to the extent it is asserted against Ms. Stephens and Mr. Block. Mr. Wescott has alleged that Ms. Stephens paid Mr. Block money to steal information, *see, e.g.*, FAC ¶ 30 (alleging that Ms. Stephens paid Mr. Block "with a $100 payment disguised as a forgiven loan, then a $250 payment, and then $500 monthly payments to Block, as commercial bribes for Block to violate his NDA and the duties of loyalty and confidentiality that he and Mr. Shearer ... were supposed to have to the Plaintiff"), and that Mr. Block passed on to her information about Mr. Wescott's expected earnings from Salveo. Although Mr. Wescott voluntarily gave that information to Mr. Block, he

allegedly did so with the expectation of privacy based on the attorney-client relationship Mr. Wescott had with Mr. Shearer.

### E. Intentional Interference with Contract

**\*4** For the claim for intentional interference with contract, Judge Ryu noted in the R&R that the complaint was lacking in allegations about what actions Defendants took to disrupt the contractual relationship between Mr. Wescott and Salveo. *See* R&R at 10. In the amended complaint, Mr. Wescott alleges that, when Defendants filed the Petition for Assignment (of the Salveo funds), that "prevented Salveo" from performing its contract with Mr. Wescott. FAC ¶ 117.

This claim is not plausible. If Salveo owed Mr. Wescott money under a contract, but Mr. Wescott owed money to Ms. Stephens (as a result of the divorce and/or related proceedings), *see, e.g.*, FAC, Ex. B (letter from Mr. Wescott to Mr. Szucsko) (admitting that "I owe inordinate amounts of Child Support and other categories to Ms. Stephens"), then Ms. Stephens was entitled to ask a Court to award her that money. *See* Cal. Civ. Code § 47(b) (providing that "[a] privileged publication or broadcast is one made ... (b) In any (1) legislative proceeding, (2) judicial proceeding, [and] (3) in any other official proceeding authorized by law").

As for Mr. Block, even though he may have intended to deprive Mr. Wescott of his Salveo earnings, Mr. Wescott has failed to explain how Mr. Block's conduct caused Salveo to breach its obligation to pay Mr. Wescott. Mr. Block's conduct simply allowed Ms. Stephens to ask the Court to award her the money that Salveo owed to Mr. Wescott.

The Court therefore dismisses the claim for intentional interference with prejudice.

### F. Intentional and Negligent Interference with Prospective Economic Advantage

For the claims for intentional and negligent interference with prospective economic advantage, Judge Ryu found multiple flaws with the claim as pled in the original complaint, including a failure by Mr. Wescott to "substantiate his assertion that the contract with Salveo would have resulted in payment of $255,000 for his unexplained work but for Defendants' interference." R&R at 11. In the amended complaint, Mr. Wescott seems to have moved away from basing the claims on the existing contract with Salveo and instead alleged that Defendants disrupted a relationship with Salveo that "almost certainly would have resulted in much greater benefit to the Plaintiff." FAC ¶ 124; *see also* FAC ¶ 133 (referring to a "Relationship [that] would have almost certainly conferred substantial economic benefits on the Plaintiff"). These allegations are too conclusory. Mr. Wescott has failed to include any nonconclusory allegations about what prospective economic relationship was in the works with Salveo (*i.e.*, beyond the existing contract for $255,000). The claims therefore are not plausible as pled and re dismissed with prejudice, as to both Ms. Stephens and Mr. Block.

### G. Abuse of Process

For the abuse of process claim, Judge Ryu stated in her R&R that Mr. Wescott failed to sufficiently allege how Defendants had abused a legal process in family court. *See* R&R at 12. Mr. Wescott's amended complaint does not cure this deficiency. Mr. Wescott alleges that Ms. Stephens filed a Petition for Assignment to get his Salveo earnings, but, as indicated above, Ms. Stephens was free to ask the state court to award her the money. Mr. Wescott suggests that Ms. Stephens was not really interested in the money because she "never made any effort to collect any monies from Salveo," FAC ¶ 146; however, that in and of itself does not make Ms. Stephens's request for the money improper, particularly as it is not even clear from the amended complaint whether the state court granted her petition.

**\*5** As for Mr. Block, he did not file the Petition for Assignment, even if he knew that Ms. Stephens could use the information he gave her to seek relief from the state court.

Accordingly, the Court dismisses with prejudice the claim for abuse of process.

### H. Fraudulent Concealment

Mr. Wescott has pled in the amended complaint two fraudulent concealment claims: (1) fraudulent concealment as to himself and (2) fraudulent concealment as to the state court. The second claim is not viable. Even

if Ms. Stephens or Mr. Block had an obligation to disclose to the state court, the fraudulent concealment claim requires that there be a duty to disclose to the plaintiff. *See* R&R at 12.

As for the first claim, Mr. Wescott has no plausible claim against Ms. Stephens because he has failed to include any allegations suggesting that she had a duty to disclose to Mr. Wescott.

However, as to Mr. Block, it is plausible that he did have some kind of duty to disclose what he had done in giving Ms. Stephens Mr. Wescott's private information based on the fact that he was a paralegal working for an attorney who represented Mr. Wescott.

The Court therefore shall allow the fraudulent concealment claim to proceed as to Mr. Block only.

I. Aiding and Abetting Breach of Fiduciary Duty

Finally, the Court dismisses the claim for aiding and abetting breach of fiduciary duty. It appears Mr. Wescott is asserting that Mr. Block can be held accountable for assisting a breach of fiduciary duty by Mr. Shearer, who was Mr. Wescott's attorney. However, Mr. Wescott has failed to make any nonconclusory allegations that Mr. Shearer was involved in the scheme to give confidential information to Ms. Wescott. Indeed, the emails provided by Mr. Wescott indicate that Mr. Block was acting of his own accord. Accordingly, the Court dismisses the claim. For the same reason, Mr. Wescott has no plausible claim for aiding and abetting against Ms. Stephens.

The Court, however, shall allow Mr. Wescott to amend his complaint to assert a claim for breach of fiduciary duty against Mr. Block. It is plausible that Mr. Block had a fiduciary duty to Mr. Wescott based on the attorney-client relationship between Mr. Wescott and Mr. Shearer (for whom Mr. Block worked). However, Mr. Wescott may not assert a fiduciary duty claim against Ms. Stephens since there is no special relationship between the two.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses the bulk of the claims alleged in the amended complaint. The claims that are allowed to proceed at this juncture are: (1) intrusion upon seclusion (against Ms. Stephens and Mr. Block) and (2) fraudulent concealment (against Mr. Block only). The Court shall also allow Mr. Wescott to amend his complaint to assert a claim for breach of fiduciary duty (against Mr. Block only). The amended complaint shall be filed by **July 11, 2022**. Mr. Wescott is reminded of his obligation to act in good faith and with a reasonable basis for any allegations under Federal Rule of Civil Procedure 11.

In the meantime, the Court orders that the U.S. Marshals serve the summons, the amended complaint, and a copy of this order on Ms. Stephens and Mr. Block.

This order disposes of Docket No. 6.

**\*6 IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2022 WL 2114553

### Footnotes

1. As Judge Ryu has noted, Mr. Wescott has filed a number of lawsuits in this District, including cases against Ms. Stephens and Mr. Szucsko.

End of Document © 2022 Thomson Reuters. No claim to original U.S. Government Works.